UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Ramon ROSAS GOMEZ,<br>  Plaintiff;<br><br>  v.<br><br>Matthew G. WHITAKER,<br>Acting Attorney General;<br>Kirstjen Nielsen, Secretary,<br>Department of Homeland Security;<br>Donald NEUFELD, Director,<br>Vermont Service Center<br>US Citizenship and Immigration Services;<br>L. Francis CISSNA,<br>Director, US Citizenship and<br>Immigration Services;<br>  Defendants. | )<br>)<br>)<br>)<br>) No. 4:19-cv-079<br>)<br>)<br>)<br>)<br>)<br>) Agency ID No. A099 612 201<br>)<br>)<br>)<br>)<br>)<br>) |

PLAINTIFF'S ORIGINAL COMPLAINT FOR WRIT
IN THE NATURE OF MANDAMUS; AND, FOR
DECLARATORY JUDGMENT

COMES NOW, RAMON ROSAS GOMEZ, Plaintiff in the above-styled and numbered cause, and for cause of action would show unto the Court the following:

1. This action is brought against the Defendants to compel action on "Application for Employment Authorization," (form I-765), properly filed by the Plaintiff. The petition was properly filed and remain within the jurisdiction of the Defendants who have improperly withheld action on said application to Plaintiff's detriment.

## PARTIES

2. Plaintiff, Ramon ROSAS GOMEZ, is a citizen of Mexico and is a resident of Houston, Texas. He was granted U nonimmigrant status as the qualifying member of U-1 Recipient from April 19, 2017 to April 18, 2021. He filed an Application for Employment Authorization (Form I-765) on or about October 17, 2017.

3. Defendant, Matthew G. WHITAKER, is the Acting Attorney General of the United States, and is authorized by law to administer and enforce the immigration laws pursuant to 8 U.S.C. section 1103(g). He is sued in his official capacity only.

4. Defendant, Kirstjen NIELSEN, is the Secretary of the Department of Homeland Security (DHS). She is responsible for the administration, implementation and enforcement of the immigration laws pursuant to 8 U.S.C. section 1103(a). She is sued in her official capacity only.

5. Defendant, Donald NEUFELD, is the Director for the Vermont Service Center of the United States Citizenship and Immigration Services. His jurisdiction includes the Plaintiff's residence, and is the official in charge of the facility where the Plaintiff's petition remain unadjudicated for over a year. He is sued in his official capacity only.

6. Defendant, L. Francis CISSNA, is the Director of the United States Citizenship and Immigration Services (USCIS), the official charged with managing the agency and supervising subordinate officers. He is sued in his official capacity only.

## JURISDICTION

7. Jurisdiction in this case is proper under 28 U.S.C. section 1331 (federal question) and 1361 (mandamus), 5 U.S.C. section 701 et. Seq. (the Administrative Procedures Act), 28 U.S.C. section 2201 et. Seq. (Declaratory Judgment Act). This Honorable Court enjoys plenary power to issue all necessary writs. 28 U.S.C. § 1651. The issue presented is one of federal law and/or regulation. Relief is requested pursuant to said statutes.

## VENUE

8. Venue is proper in this court, pursuant to 28 USC section 1391(e), in that this is an action against officers and agencies of the United States in their official capacities, brought in the District where a Plaintiff resides and no real property is involved in this action. More specifically, Plaintiff's Application for Employment Authorization (Form I-765) was properly filed with the Vermont Service Center US Citizenship and Immigration Services (USCIS), the office having jurisdiction over the Plaintiff's residence.

## EXHAUSTION OF REMEDIES

9. Plaintiff has exhausted all his administrative remedies. The Plaintiff's Petition was properly filed with the Defendants on October 17, 2017. Plaintiff's counsel and Plaintiff himself have made numerous inquiries concerning the status of Plaintiff's petition and have been instructed to wait for various time periods, all of which have long since passed and no decision has been issued by Defendants.

## STATEMENT OF FACTS

10. On or about April 19, 2017, Plaintiff Ramon ROSAS GOMEZ was granted U nonimmigrant status as a derivative qualifying member.
11. On or about October 17, 2017, Plaintiff filed an Application for Employment Authorization, Form I-765, (hereinafter "application") as a derivative qualifying member of a U-1 Recipient.
12. Plaintiff has provided ample evidence to proof his U nonimmigrant status and his eligibility for employment authorization.
13. Counsel and Plaintiff have contacted USCIS to inquire as to the status of the petition on numerous occasions. Each time they have been told that the case is still pending and have been instructed to wait.
14. More than a year has now elapsed since Plaintiff's petition was filed in Defendants' jurisdiction.
15. The Vermont Service Center is processing Applications for Employment Authorization filed as of May 22, 2018. However, Plaintiff's petition was properly filed in October 2017, and has yet to be adjudicated.

16. Defendants have made no showing that they have exercised due diligence in adjudicating the Plaintiff's petition, nor are there any statutory grounds to permit such an unreasonable delay in performing their ministerial duties under the law.

17. Defendants' refusal to act properly in this case is arbitrary and not in accordance with the laws and regulations of the United States. Defendants willfully, and unreasonably, have delayed and have refused to adjudicate Plaintiff's petition thereby depriving him of the right to a decision on his application and the peace of mind to which Plaintiff is entitled.

## **CAUSE OF ACTION**

ACTION UNREASONABLY WITHHELD IN VIOLATION OF
THE ADMINISTRATIVE PROCEDURES ACT

18. The Administrative Procedures Act requires administrative agencies to conclude matters presented to them "within a reasonable time." 5 U.S.C. § 555. A District Court reviewing agency action may "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). The Court also may hold unlawful and set aside agency action that, inter alia, is found to be: "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," 5 U.S.C. § 706(2)(A); "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right," 5 U.S.C. § 706(2)(C); or "without observance of procedure required by law," 5 U.S.C. § 706(2)(D). "Agency action" includes, in relevant part, "an agency

5

rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act." 5 U.S.C. § 551(13).

19. The failure of the Defendants to adjudicate the Plaintiff's properly-filed application for more than a year violates the Administrative Procedures Act, 5 U.S.C. § 555(b); 5 U.S.C. §§ 706(1), 706(2)(A), 706(2)(C), 706(2)(D).

20. Defendants' refusal to act properly in this case is arbitrary and not in accordance with the laws and regulations of the United States. Defendants willfully, and unreasonably, have refused to adjudicate Plaintiff's application thereby depriving Plaintiff of the right to seek employment, obtain identification documents in the United States, and the peace of mind to which he is entitled.

21. As a result of Defendants' actions, the Plaintiff has suffered and continues to suffer injury. Declaratory relief is therefore warranted.

## THE FAILURE OF DEFENDANTS TO ADJUDICATE THE EMPLOYMENT AUTHORIZATION APPLICATION IS A FAILURE TO PERFORM THEIR MINISTERIAL DUTIES IN VIOLATION OF THE MANDAMUS ACT

22. The Mandamus Act provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the Plaintiff." 8 U.S.C. § 1361. Mandamus relief is available if a Plaintiff establishes: "(1) a clear right to the relief, (2) a clear duty by the respondent to do the act requested,

and (3) the lack of any other adequate remedy." *Davis v. Fechtel*, 150 F.3d 486, 487 (5th Cir. 1998)(citing *In re Stone*, 118 F.3d 1032, 1034 (5th Cir. 1997)).

23. The Defendants have a clear, non-discretionary duty under law to adjudicate the Plaintiffs' Application for Employment Authorization (Form I-765) incident to status. 8 CFR § 274a.12(a).

24. The Plaintiff is entitled to a decision on his application. 8 U.S.C. § 1103(a)(1); INA § 103(a)(1).

25. Plaintiff has been greatly damaged by the failure of Defendants to act in accord with their duties under the laws and regulations of the United States. Plaintiff Ramon ROSAS GOMEZ has been prevented from obtaining an Employment Authorization Document to work in the United States and an Identification Document.

## REQUEST FOR DECLARATORY RELIEF

26. For all the reasons outlined, *supra,* which are incorporated and re-urged herein as if fully set forth verbatim, the Plaintiff respectfully requests declaratory relief in the form of the entry of a decree which specifies the rights and liabilities of the parties to the instant litigation. To wit, the Plaintiff respectfully requests a declaration of the ministerial obligation of the Defendants to adjudicate the Plaintiff's petition, and that their failure to comply is in violation of law. The Plaintiff also requests that this Honorable Court retain continuing jurisdiction over this civil action and that, after reasonable notice of hearing and hearing had, it enters any further declaratory, mandatory,

or other injunctive order that is necessary to enforce any declaratory judgment. *See* 28 U.S.C. § 2412(d)(1)(A).

## **REQUEST FOR ATTORNEY FEES AND COSTS**

27. The Plaintiff is entitled to recover reasonable attorney's fees and costs of court, both of which he respectfully requests under the Equal Access to Justice Act. 28 U.S.C. § 2412. The position of the Defendants herein is not substantially justified, and no circumstances exist which would render an award of fees and costs unjust. 28 U.S.C. § 2412(d)(1)(A).

## **PRAYER**

28. WHEREFORE, PREMISES CONSIDERED, in view of the arguments and authority noted herein, Plaintiff respectfully prays that the Defendants be cited to appear and answer herein and that, upon due consideration, this Honorable Court:
    (a) requiring Defendants to adjudicate Plaintiff's petition within a reasonable time, and to immediately issue any relevant notices essential to that act;
    (b) issue a declaratory judgment stating that Plaintiff is entitled to the adjudication of his application within a reasonable period of time from filing, and that Defendants have exceeded this measure;
    (c) award Plaintiff reasonable attorney's fees and costs; and
    (d) grant such other relief at law and in equity as justice may require.

8

Respectfully submitted,

/s/Denisse V. Miller

Denisse V. Miller
The Rushton Law Firm
Counsel for Plaintiff
Texas Bar No. 24106312
5909 West Loop South, Ste. 150
Bellaire, Texas   77401
(713)838-8500
(713)838-9826 Fax

Case 4:19-cv-00049 Document 11-2 Filed in TXSD on 00/08/19 Page 9 of 12

# LIST OF ATTACHMENTS

| Exhibit | Description |
| --- | --- |
| 1 | Copy of filing receipt for Application for Employment Authorization (Form I-765), dated October 17, 2017; |
| 2 | Copy of Approval Notice of Petition for U Nonimmigrant Status as a qualifying family member of U1 Recipient filed on behalf of Petitioner, valid from April 19, 2017 to April 18, 2021; |
| 3 | USCIS Processing Time Information for the Vermont Service Center; |
| 4 | Proposed Order. |

## CERTIFICATE OF SERVICE

I, Denisse V. Miller, hereby certify that a true and correct copy of the foregoing "Plaintiff's Original Complaint for Writ in the Nature of Mandamus, and for Declaratory Judgment," including all attachments, will be served on Defendants via US Postal Service Certified mail addressed as follows:

Matthew G. Whitaker
Acting Attorney General
US Department of Justice
950 Pennsylvania Ave, NW
Washington, DC 20530-0001

Kirstjen Nielsen
Secretary
US Department of Homeland Security
Washington, DC 20520

L. Francis Cissna
Director
US Citizenship and Immigration Services
20 Massachusetts Ave., NW, Room 4025
Washington, DC 20536

Donald Neufeld
Director, Vermont Service Center
US Citizenship and Immigration Services
PO Box 82521
Lincoln, NE 68501-2521

Ryan K. Patrick
US Attorney
1000 Louisiana, Ste. 2300
Houston, TX 77002

On the 7th day of January 2019.

Respectfully submitted,

/s/Denisse V. Miller
The Rushton Law Firm, P.L.L.C.
Counsel for Plaintiff
Texas Bar No. 24106312
5909 West Loop South, Ste. 150
Bellaire, Texas 77401
(713)838-8500
(713)838-9826 Fax

Case 4:19-cv-00049 Document 1-2 Filed in TXSD on 01/07/19 Page 12 of 12